UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JASON HAMPTON, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
|     v. | )   Case No. 4:24-cv-00158-TWP-KMB |
| | ) |
| BRIAN WEIS, P. KELLEY DUNE, and ROSS DiMAGGIO, | ) |
| | ) |
|     Defendants. | ) |

**ORDER DENYING DEFENDANTS' MOTION TO DISMISS**

This matter is before the Court on a Motion to Dismiss Plaintiff's Complaint filed by Defendants Brian Weis ("Weis"), P. Kelley Dunne ("Dunne"), and Ross DiMaggio ("DiMaggio") (collectively, "Defendants") (Filing No. 9). Plaintiff Jason Hampton ("Hampton") initiated this action asserting fraud against the Defendants, who are officers of AmeriCrew, Inc., ("AmeriCrew") a publicly traded company. Hampton alleges the Defendants made false representations about existing benefits programs and incentive plans during employment discussions, which induced him to accept a position with AmeriCrew. For the following reasons, the Defendants' Motion is **denied**.

    **I.**     **BACKGROUND**

The following facts are not necessarily objectively true, but as required when reviewing a motion to dismiss, the Court accepts as true all factual allegations in the Complaint and draws all inferences in favor of Hampton as the non-moving party. *See Bielanski v. Cnty. Of Kane,* 550 F.3d 632, 633 (7th Cir. 2008).

In January 2022, Hampton was offered employment by AmeriCrew, a Delaware corporation with its principal office located in New Jersey, as the "Director of Construction Indiana." (Filing No. 1-2 at 5). The company's resident agent for service of process in the State of Indiana is Corporation Service Company, located in Indianapolis. *Id*. At that time, Dunne was AmeriCrew's Chief Executive Officer (CEO), Weis was AmeriCrew's Chief Operating Officer (COO), and DiMagio was AmeriCrew's Chief Financial Officer ("CFO").

During the employment discussions leading up to the offer, Defendants made several representations to Hampton about company programs and benefits. *Id*. at 4-5. Specifically, in an effort to entice him into accepting the position, Dunne, Weis, and DiMaggio, told Hampton that AmeriCrew had begun developing a long-term incentive program (the "Long-Term Incentive Program"), had begun a 15% bonus program (the "Bonus Program"), and currently had programs to provide stock options or "warrants" to employees as part of compensation. *Id*. On January 27, 2022, AmeriCrew extended a formal offer letter to Hampton. *Id*. at 5. The offer included a starting annual salary of $105,000.00, increasing to $120,000.00 after six months *Id*. The letter also promised Hampton 20,000 shares and 20,000 warrants, with taxes to be paid by the company. *Id*. Additionally, the offer outlined eligibility for the Bonus Program and participation in the Long-Term Incentive Program once established. *Id*. at 6. The offer was further sweetened with a company truck and gas card. *Id*.

Hampton accepted the offer and began working for AmeriCrew on January 31, 2022. *Id*. Hampton forwent more lucrative employment on the reasonable belief of the truth of Defendants' statements regarding the benefits. *Id*. at 7. However, throughout his employment, he did not receive the promised 20,000 shares, 20,000 warrants, Bonus Program payments, or Long-Term Incentive Program benefits. *Id*.

On November 29, 2022, the company terminated Hampton without cause. *Id*. at 6. Following his termination, Hampton filed a lawsuit against AmeriCrew in the U.S. District Court for the Southern District of Indiana (Case No. 4:23-CV-00083)[1] for, among other things, breach of contract. *Id*. at 7. Through discovery in Case No. 4:23-CV-00083, Hampton learned that the above-referenced statements made by Dunne, Weis, and DiMaggio were false. *Id*. at 7. Specifically, he learned that AmeriCrew had never even discussed creating the bonus and incentive programs that Defendants had assured him were "in development." *Id*. He also learned that employees the Defendants claimed had received actual stock in the company had only received worthless pieces of paper, and that the Defendants had no internal mechanisms to provide actual stock or stock options. *Id*.

On June 11, 2024, Hampton filed the instant Complaint against the Defendants in state court, alleging that Dunne, Weis, and DiMaggio conspired to defraud him by making multiple (1) material misrepresentation of past or existing facts; (2) which were false; (3) which were made with knowledge or reckless ignorance of its falsity; (4) which were relied upon by Hampton; and (5) which proximately caused Hampton injury. *Id*. at 9. On November 21, 2024, Defendants removed this case from Floyd County Superior Court to this Court (Filing No. 1). Subsequently, on December 27, 2024, the Defendants filed this Motion to Dismiss the Complaint, challenging the legal sufficiency of Hampton's fraud claim (Filing No. 9).

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) allows a defendant to move to dismiss a complaint that has failed to "state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). When

---

[1] On November 27, 2024 the parties notified the Court that they had agreed on terms to resolve Case No. 4:23-CV-00083 in full, and on February 13, 2025 the parties Joint Stipulation of dismissal was granted, and that case was closed. (Case No. 4:23-CV-00083, See Dkts. 39, 40 and 41).

deciding a motion to dismiss under Rule 12(b)(6), the court accepts as true all factual allegations in the complaint and draws all inferences in favor of the plaintiff. *Bielanski*, 550 F.3d at 633. However, courts "are not obliged to accept as true legal conclusions or unsupported conclusions of fact." *Hickey v. O'Bannon*, 287 F.3d 656, 658 (7th Cir. 2002).

The complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In *Bell Atlantic Corp. v. Twombly*, the Supreme Court explained that the complaint must allege facts that are "enough to raise a right to relief above the speculative level." 550 U.S. 544, 555 (2007). Although "detailed factual allegations" are not required, mere "labels," "conclusions," or "formulaic recitation[s] of the elements of a cause of action" are insufficient. *Id.*; *see also Bissessur v. Ind. Univ. Bd. of Trs.*, 581 F.3d 599, 603 (7th Cir. 2009) ("[I]t is not enough to give a threadbare recitation of the elements of a claim without factual support"). The allegations must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555. The complaint must include "enough facts to state a claim to relief that is plausible on its face." *Hecker v. Deere & Co.*, 556 F.3d 575, 580 (7th Cir. 2009) (citation and quotation marks omitted). To be facially plausible, the complaint must allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

### III.  DISCUSSION

To establish a claim of fraud under Indiana law, a plaintiff must clearly establish the following elements: "(1) a material misrepresentation of past or existing fact which (2) was untrue, (3) was made with knowledge of or in reckless ignorance of its falsity, (4) was made with the intent to deceive, (5) was rightfully relied upon by the complaining party, and (6) which proximately caused the injury or damage of which the plaintiff complains." *Angel v. Powelson,* 977 N.E.2d 434,

4

444 (Ind. Ct. App. 2012). "Indiana Trial Rule 9(B) requires that the circumstances constituting an alleged fraud, including the time, place, substance of the false representations, the facts misrepresented, and an identification of what was procured by fraud, must be plead with specificity." *Steele v. McDonald's Corp.*, 686 N.E.2d 137, 140 (Ind. Ct. App. 1997). A complaint which does not satisfy the Rule 9(B) standard fails to state a redressable claim. *Id.* Broad or conclusory allegations without representative examples are insufficient to survive a motion to dismiss. *Lei Shi v. Yi*, 921 N.E.2d 31, 37 (Ind. Ct. App. 2010). The exact level of particularity that is required in a fraud case will necessarily differ based on the facts of the case. *Elpers Bros. Constr. & Supply, Inc. v. Smith*, 230 N.E.3d 920, 932 (Ind. Ct. App. 2024).

Hampton alleges the Defendants made false representations to induce him to accept employment with AmeriCrew (Filing No. 1-2). Defendants argue that Hampton's Complaint should be dismissed for two reasons: (1) it lacks particularity under Federal Rule of Civil Procedure 9(b) and (2) the alleged fraudulent statements are promises of future conduct rather than misrepresentation of past or existing facts (Filing No. 10). Each argument is addressed in turn below.

A.    **Specificity Under Fed. R. Civ. P. 9(b)**

"Under Rule 9(b) of the Federal Rules of Civil Procedure, a party who alleges fraud or mistake 'must state with particularity the circumstances constituting fraud or mistake.'" *Pirelli Armstrong Tire Corp. Retiree Med. Benefits Trust v. Walgreen Co.*, 631 F.3d 436, 442 (7th Cir. 2011) (quoting Fed. R. Civ. P. 9(b)). This means that a plaintiff ordinarily must describe the "who, what, when, where and how" of the fraud. *Id.* (quoting *United States ex rel. Lusby v. Rolls-Royce Corp.*, 570 F.3d 849, 854 (7th Cir. 2009)). "What constitutes 'particularity' will necessarily differ with the facts of each case . . . [A]lthough plaintiffs are not absolutely required to plead the specific

5

date, place, or time of the fraudulent acts, they still must use some alternative means of injecting precision and some measure of substantiation into their allegations of fraud." *Id*. (internal citations and quotations omitted).

Defendants argue that Hampton has not pled with particularity his fraud claim to satisfy the requirements of Federal Rule of Civil Procedure 9(b), because he has not identified the individuals who made the alleged representation, or when, where or by what means the representations were made.

The Court finds that the Complaint sufficiently addresses the "who, what, when, where, and how" of the alleged fraudulent conduct. Hampton has specifically identified the Defendants—Brian Weis, P. Kelley Dunne, and Ross DiMaggio—as the individuals responsible for making false representations during his hiring process ([Filing No. 1-2 at 4-5](Filing No. 1-2 at 4-5)). While the Defendants argue that Hampton improperly "lumps all three Defendants together," the complaint alleges that these individuals, acting in their roles as representatives of AmeriCrew, collectively and individually made misrepresentations regarding employment benefits and incentive programs. Hampton specifically identifies the three individuals present during the interview and alleges that each made false statements during the interview. Where multiple participants in an interview engaged in rapid conversation and exchange of information, it is reasonable that a plaintiff may not recall with precision which individual made each specific statement and may rely on discovery to further specify their arguments. Hampton's identification is sufficient under the circumstances. *See Emery v. Am. Gen. Fin., Inc.*, 134 F.3d 1321, 1324 (7th Cir. 1998) (finding that Rule 9 requires flexibility when information lies outside of plaintiff's control). At this stage of the litigation, it is enough that Hampton identified the specific individuals who contributed to the fraudulent misrepresentation. This satisfies the "who" of Hampton's fraud claim.

The Complaint outlines specific promises made to Hampton, including representations that he would receive stock options and warrants as part of his sign-on bonus, that AmeriCrew had begun the Bonus Program with a 15% structure, and had begun developing the Long-Term Incentive Program (Filing No. 1-2 at 4-5). These promises were material to Hampton's decision to accept employment with AmeriCrew. Such allegations satisfy the "what" of Hampton's fraud claim.

Hampton also alleges that these misrepresentations occurred during potential employment discussions leading up to his acceptance of an offer letter on January 27, 2022. *Id*. The context of these discussions is further supported by references to prior communications between Hampton and the Defendants during his recruitment process. As noted earlier, a plaintiff is not required to plead the exact date and geographic location of the alleged fraud but must inject some level of precision and substantiation in their fraud claim. *Pirelli Armstrong*, 631 F.3d at 442. Hampton has done so by alleging the Defendants made false representations during employment discussions and substantiated his assertions with the offer letter. The allegations in the Complaint are therefore enough to establish the "when" and "where" of the alleged fraud.

With respect to how the fraud took place, the Complaint states that the misrepresentations were communicated through verbal discussions throughout the interview process and written correspondence, including the offer letter itself. This satisfies the "how" of Hampton's fraud claim.

Hampton's fraud claim meets the heightened pleading standards of FRCP 9(b). His Complaint sets forth the "who, what, when, where, and how" with sufficient particularity by identifying the individual Defendants, detailing the substance of the alleged misrepresentations, and specifying the context, timing, and method of communication. Given the information asymmetries acknowledged by the Seventh Circuit, the allegations are adequately particular.

### B.   False Statements of Past or Existing Fact

Defendants next argue that dismissal is warranted because Hampton has failed to allege misrepresentations of past or existing facts; rather his claim hinges on alleged representations that he "would receive," "would be eligible" and "eligible to participate…once established" – all of which are promises of future conduct (Filing No. 10 at 5).  A fraud claim may proceed where the defendant made false representations and the "[r]epresentations creating the false impression [are] of a past or existing fact." *Ruse v. Bleek,* 914 N.E.2d 1, 14 (Ind. Ct. App. 2009). In other words, actual fraud may not be based upon representations of future conduct. *Id*. at 19. Defendants contend that Hampton's fraud claim fails to allege a material misrepresentation of past or existing fact. The Court is not persuaded.

The Complaint alleges that Defendants made false statements about existing facts, not merely promises of future conduct. Hampton specifically alleges that Defendants told him AmeriCrew had begun development of the Long-Term Incentive Program and had begun the Bonus Program (Filing No. 1-2 at 4). The Defendants told him AmeriCrew "has a program to provide stock . . . [and] has a program to provide stock options or 'warrants' to its employees as part of its compensation." *Id*. at 4-5. These statements unambiguously assert the current existence of such programs, or, at least, that such programs were currently being developed, instead of a future promise to become eligible.

Hampton alleges these statements were false because AmeriCrew had no internal or regulatory mechanisms in place to provide actual stock or legal rights to purchase shares. Instead, the company allegedly provided worthless documents labeled "stock certificate" or "warrant" that conveyed no actual ownership rights or legal options to purchase shares (Filing No. 1-2 at 5). He alleges these statements were false because the Defendants had never engaged in discussions about

8

either the Long-Term Incentive Program or the Bonus Program existing. Moreover, the promise by Defendants in the offer letter—that Hampton would be eligible to participate in the Bonus Program if he accepted the job offer—is a representation by implication that either the Bonus Program exists, or it was planned to exist by the time Hampton accepted the offer.

While language used in the offer letter about the Long-Term Incentive Program— "eligible to participate . . . once established"—may support an argument that no such program was yet in place and would be in the future, Defendants told Hampton that the Long-Term Incentive Program had *already* begun development during the interview period. Accepting Hampton's allegations as true, his allegation regarding false statements about existing programs constitute actionable misrepresentations under *Ruse*.

Finally, Defendants argue that Hampton did not allege exactly what was said, or "when or where [Defendants' representations] were made," or allege how he was injured (Filing No. 10 at 6) (quoting *McKinney v. State*, 693 N.E.2d 65, 73). As explained above, Hampton sufficiently identified the individuals who made the allegedly false statements. Alleging that the misrepresentations were made during employment discussions is sufficiently particular to establish the "when" and "where" of his fraud claims. In *McKinney*, the state's complaint was devoid of a time or place the allegedly false misrepresentations were made. 693 N.E.2d at 73. That is not the case here. Hampton specifically alleges that he "suffered damages as a result of as a result of Dunne's, Weis', and DiMaggio's fraudulent statements" and "forwent other, more lucrative employment on the reasonable belief of the truth of Defendants' statements." (Filing No. 1 at 7). Thus, he alleges how he was injured.

Hampton has adequately pled his fraud claim with sufficient particularity to satisfy the heightened pleading standards of Fed. R. Civ. P. 9(b), and his Complaint sufficiently alleges false statements of existing fact.

## IV.   CONCLUSION

A motion to dismiss pursuant to Rule 12(b)(6) does not test whether the plaintiff will prevail on the merits but instead whether the claimant has properly stated a claim. *See Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). For the reasons explained in this Order, Hampton's fraud claim has survived the initial hurdle of a motion to dismiss, and Defendants' Motion (Filing No. 9) is **DENIED**. Whether the claim can survive summary judgment is a matter for another day.

**SO ORDERED**.

Date:   6/12/2025

_____
Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

Allison Dempsey
Stoll Keenon Ogden PLLC
allison.dempsey@skofirm.com

Laura Elizabeth Landenwich
ADAMS LANDENWICH WALTON, PLLC
laura@justiceky.com

Amy L. Miles
Stoll Keenon Ogden PLLC
amy.miles@skofirm.com